IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| Diane Bastl, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 07-106 |
| Citizens Bank of Pennsylvania, t/d/b/a Citizens Bank, a subsidiary of Citizens Financial Group, Inc., and Citizens Financial Group, Inc., | ) | |
| Defendants. | ) | |

AMBROSE, Chief District Judge

## MEMORANDUM OPINION AND ORDER OF COURT

The factual and procedural details of this case are well known to the parties and I need not repeat them in detail here. On September 12, 2008, I entered an Opinion and Order of Court granting summary judgment in favor of Defendants Citizens Bank of Pennsylvania and Citizens Financial Group, Inc. ("Defendants" or "Citizens"). (Docket No. 49). Plaintiff has filed a Motion for Reconsideration of that Order (Docket No. 51), requesting that I open the judgment and reopen the record to consider the deposition of former Citizens' Regional Manager Charlotte Bullock taken on June 20, 2006 in a different case. Defendants oppose Plaintiff's Motion. (Docket Nos. 53, 54). The issue is now ripe for review. After careful consideration of the parties' submissions and for the reasons set forth below, Plaintiff's motion is denied.

To grant a motion for reconsideration, the moving party must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence which

1

was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). In a motion for reconsideration, the burden is on the party seeking reconsideration. Max's Seafood Café, 176 F.3d at 677. "Because of the interest in finality, . . . motions for reconsideration should be granted sparingly." Williams v. City of Pittsburgh, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998).

Here, Plaintiff requests that I reopen the record to consider the June 20, 2006 deposition testimony of Ms. Bullock taken in an unrelated discrimination case, Dowling v. Citizens Bank, Civ. A. No. 05-914 (W.D. Pa.) (Cercone, J.). Plaintiff states that Ms. Bullock, one of the managers to whom Plaintiff at one time reported, testified in the deposition that Craig Campbell, the Retail Director of Defendants' Western Pennsylvania retail operations, had a policy of bringing in younger workers to replace older workers. Pl.'s Mot. ¶¶ 6-7. Plaintiff argues that Bullock's testimony, "together with the facts previously set forth by the Plaintiff, including statements that she observed the invidious discriminatory conduct of the employer," merits reconsideration of my order granting Defendants' summary judgment motion. Id. I disagree.

As an initial matter, Plaintiff's counsel has not provided a convincing explanation as to why this deposition testimony was unavailable to him at the time I issued my original Order. In this regard, he states that he only became aware of the Dowling litigation "sometime in the middle of August" and that, even at that time, he was not aware that the case involved age discrimination claims. He further states that he did not receive a copy of Bullock's deposition transcript until September 12, 2008 (the date of my Order granting Defendants' summary judgment motion). Pl.'s Mot. ¶¶ 2-3. Simply because Plaintiff's counsel was unaware of the Dowling litigation, however, does not mean that Bullock's deposition testimony, taken over two years ago, was unavailable as

2

of my September 12, 2008 Order in this case.¹ See, e.g., Dawes v. Local 375, Civil Serv. Tech. Guild, Civil Action No. 04-4002(JLL), 2006 WL 3193776, at *1 n.1 (D.N.J. Nov. 2, 2006) (citing Lentz v. Mason, 32 F. Supp. 2d 733, 751 (D.N.J. 1999)).

Furthermore, even if I were to consider Ms. Bullock's deposition testimony, nothing in that testimony provides any basis for altering the conclusions set forth in my September 12, 2008 Opinion and Order. In this regard, I agree with Defendants that the testimony at issue boils down to vague and largely unsubstantiated perceptions, based primarily on rumor. See Defs.' Opp. at 2. As such, the testimony does not add anything to Plaintiff's claims. Indeed, the district court in the Dowling case rejected this same deposition testimony as evidence of pretext in that case, and adopted the magistrate judge's conclusion that "Ms. Bullock's vague suppositions are insufficient to cast reasonable doubt on the Defendant's legitimate, non-discriminatory reasons." Dowling, 2007 WL 2752178, at *9; see also id. ("Ms. Bullock's largely unsubstantiated suspicions of ageism cannot sustain Ms. Dowling's burden on summary judgment."); id. at *2 ("Bullock conceded that the belief was unsubstantiated and based on rumor; and plaintiff provided no further evidence that the belief was supported by an informed perception of Mr. Campbell's decision-making process when hiring managers."). The Court of Appeals for the Third Circuit recently affirmed the district court's order granting summary judgment in favor of Citizens in Dowling. See Dowling v. Citizens Bank, No. 07-4054, 2008 WL 4492640, at *3 (3d Cir. Oct. 8, 2008) (noting with respect to Ms. Bullock, that Bullock admitted in her deposition testimony that her beliefs were "based on 'rumor [more] than

---

¹ In this regard, I note that at least one opinion in the Dowling case specifically addressing Bullock's deposition testimony was issued almost a year prior to my Order granting summary judgment in this case and is available on Westlaw. See Dowling v. Citizens Bank, No. 2:05cv914, 2007 WL 2752178 (W.D. Pa. Sept. 19, 2007).

3

anything else'").[2] Although I recognize that the Dowling opinions are not binding on me, I share in their assessment of Ms. Bullock's testimony.

For all of these reasons, I find that reconsideration of my September 12, 2008 Order granting Defendants' Motion for Summary Judgment is not warranted.

THEREFORE, this 22nd day of October, 2008, after careful consideration of Plaintiff's Motion for Reconsideration (Docket No. 51), it is ordered that said Motion is denied.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge

---

[2] Copies of the Dowling opinions also are attached to Defendants' Opposition to Plaintiff's Motion for Reconsideration and Defendants' Supplement thereto. See Docket No. 53, Exs. B, C; Docket No. 54, Ex. 1.